43  571
115  337

THE [DETROIT & BAY CITY RAILROAD COMPANY v. WILLIAM C. BUSCH.

*Trover for property annexed to land.*

Where ties were taken and used by the sub-contractor for building a railroad, and the road was in use before it was delivered to the company, the owner of the ties, after waiting until they had become realty, cannot bring trover against the company as for their conversion.

Error to Saginaw. Submitted April 29. Decided June 9.

TROVER. Defendant brings error.

*Benton Hanchett* and *G. M. Stark* for plaintiff in error. Trover will not lie against a railroad company for ties placed in the bed of the roadway before the road was delivered to the company, *Woodruff v. Adams* 37 Conn. 233; *Hunt v. Bay State Iron Co.* 97 Mass. 279; *Strickland v. Parker* 54 Me. 263; Cooley on Torts 55.

*John A. Edget* for defendant in error. The annexation of chattels to the realty by a wrong doer will not deprive the owner of his remedy in trover, *Cochran v.*

*Flint* 57 N. H. 514; *Shoemaker v. Simpson* 16 Kan. 43; *Ford v. Cobb* 20 N. Y. 346; *Railroad Company v. Kaulbrumer* 59 Ill. 152; if they are so firmly annexed that they cannot be removed without remedy, the owner cannot retake them, but may recover their value in their original condition, *Wetherbee v. Green* 22 Mich. 311; *Winchester v. Craig* 33 Mich. 205; *Isle Royale Mining Co. v. Hertin* 37 Mich. 332; the intent to annex them permanently to the freehold must be that of the owner, to change their character, *D'Eyncourt v. Gregory* L. R. 3 Eq. Cas. 397; *Reese v. Jared* 15 Ind. 142; *Crippen v. Morrison* 13 Mich. 34; *Wheeler v. Bedell* 40 Mich. 673.

CAMPBELL, J. Busch sued plaintiff in error in trover for the conversion of a number of railroad ties. The case he made out on his own behalf was that parties employed as sub-contractors under Walton & Lacy, contractors to build the Caro branch of the Detroit & Bay City Railroad, used 251 ties owned by Busch, and put them here and there among the other ties used in forming the superstructure of the railway, spiking rails to them in the usual manner. He gave testimony tending to show that the ties could after that have been identified, and that they could be removed and others substituted without damage to the road. The ties, as he claimed, were used before June 12, 1878, and about that time he "notified the president of defendants of the fact." The road was not delivered up to the company complete and ballasted until October or November, 1878, although used somewhat earlier. This suit was commenced in January, 1879. Before its commencement Busch made a demand of the ties on the president of the company.

Under the charge of the court below he was allowed to recover the value of the ties, the court holding that their use by the company after demand was a conversion.

If Busch had brought replevin when he discovered the disposition made of his ties without his consent, and before the delivery of the road to the company, the ques-

tion whether he could have removed them might perhaps stand on a somewhat different ground from the present suit.   Here, as he shows, he knew of the use of the ties before the railway had passed from the contractors to the company, and knew that they were where the company when it received them would receive them as realty. He knew also that the company was not the party that converted or was to convert them into realty.  Whatever might have been his original possessory remedy, he has by this action sued for the conversion.   The only conversion took place before the company had any control over the property.   Receiving it as realty, it cannot be held that a subsequent neglect or refusal to detach it is a conversion.   Having deliberately chosen to wait until the property not only changed custody but was also annexed still more firmly by ballasting, he cannot now treat as personalty in the hands of the railroad company converted by a mere failure to give it up on demand, what became to his knowledge a part of realty in the hands of the contractors, against whom he had a remedy for the only conversion that ever took place.   *Morrison v. Berry* 42 Mich. 389; *Peirce v. Goddard* 22 Pick 559; *Fryatt v. Sullivan Company* 5 Hill 116: 7 Hill 529; Cooley on Torts 55.

The court should have directed that Busch could not recover.  The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.