[No. 15371.  Department Two.  October 28, 1919.]

ALLIS-CHALMERS MANUFACTURING COMPANY, *Appellant,* v. THE CITY OF ELLENSBURG, *Respondent.*[1]

SALES (177, 178) — CONDITIONAL SALES — OPERATION AS TO THIRD PERSONS—TRANSFER OF TITLE.  The reserved title of the vendor of machinery under a conditional sales contract is not affected by the fact that it was knowingly purchased by a contractor to be installed in a municipal power plant; especially where the contract did not authorize the vendee to dispose of the property to the city, but expressly reserved title until fully paid for "whatever may be the mode of its attachment to realty or otherwise."

SAME (176, 178)—CONDITIONAL SALES — RECORDING — ACTUAL NO-TICE.  Constructive notice by recording a conditional sales contract is not essential to protect the vendor's title, where the city had actual notice, prior to installation, that the machinery for a power plant was sold to the contractor under a conditional sales contract reserving title in the vendor, and that the purchase price was not paid.

SALES (180, 183)—CONDITIONAL SALES—ELECTION OF REMEDIES BY SELLER—AGAINST THIRD PERSONS.  Where machinery was conditionally sold by plaintiff to a contractor to be installed in a municipal power plant, a complaint primarily seeking recovery of the machinery after it was installed, but alleging that the city agreed and assumed to pay the balance due, and in the prayer presenting an alternative for the recovery of the balance due upon the purchase price, does not show an election on the part of plaintiff to waive title to the machinery and sue for the price.

[1]Reported in 185 Pac. 811.

MUNICIPAL CORPORATIONS (565) — CLAIMS — PRESENTATION. The filing of a claim against a city is not a condition precedent to action the gist of which was to recover machinery conditionally sold to a contractor and installed in a city power plant, notwithstanding an alternative prayer in the complaint offering to take judgment against the city for the balance due on the purchase price, which it is alleged the city assumed and agreed to pay.

SALES (177)—CONDITIONAL SALES—TITLE OF VENDOR—ATTACHING PROPERTY TO REAL ESTATE. The title to machinery conditionally sold to be installed in a municipal power plant does not pass to the city on attaching the machinery so as to become part of the real estate, contrary to the express terms of the conditional sales contract.

MUNICIPAL CORPORATIONS (181)—SALES (183)—REMEDIES ON CONTRACTOR'S BONDS—MATERIALMEN UNDER CONDITIONAL SALES CONTRACT. The vendor in a conditional sales contract of machinery sold to a contractor for a municipal power plant may pursue the property under the contract, and is not restricted to a remedy by action upon the contractor's bond, under Rem. Code, § 1159, relating to security for laborers and materialmen furnishing supplies for public improvements.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered December 14, 1918, upon sustaining a demurrer to the complaint, dismissing an action of replevin. Reversed.

*John H. McDaniels,* for appellant.

*C. R. Hovey,* for respondent.

PARKER, J.—The plaintiff, Allis-Chalmers Manufacturing Company, seeks recovery of certain machinery and equipment which it delivered and agreed to sell under the terms of a conditional sale contract to W. A. Kraner & Company, and which was used in the equipment of the electric power plant of the defendant city under a contract between the city and Kraner & Company for the enlargement of the plant. The plaintiff's complaint was demurred to by the defendant upon the ground that it does not state facts constituting a cause of action. The demurrer was sustained by the superior court, and the plaintiff electing to stand upon its

complaint and not pleading further, judgment of dismissal was rendered against it. From this disposition of the cause, the plaintiff has appealed to this court.

The controlling facts as alleged in the complaint may be summarized as follows: In June, 1915, the respondent city was contemplating the enlargement of its electric power plant, and then entered into negotiations with Kraner & Company looking to the entering into a construction and equipment contract to that end with that company. Thereafter, on June 26, 1915, Kraner & Company, anticipating the entering into a formal construction and equipment contract with the city, entered into a conditional sale contract with the appellant, under which appellant delivered and agreed to sell to Kraner & Company the machinery and equipment here involved, the agreed purchase price being $15,597, to be paid in installments, all of which were to be paid within ninety days after the delivery of the machinery and equipment to Kraner & Company and acceptance thereof by that company. The sale contract contained, among other conditions, the following:

"The title and right of possession to the machinery herein specified remains in the Company (Allis-Chalmers Manufacturing Company) until all payments hereunder (including deferred payments and any notes or renewals thereof, if any) shall have been fully made in cash, and it is agreed that the said machinery shall remain the personal property of the company whatever may be the mode of its attachment to realty or otherwise, until fully paid for in cash. Upon failure to make payments, or any of them, as herein specified, the company may retain any and all partial payments which have been made, as liquidated damages, and shall be entitled to take immediate possession of said property, and be free to enter the premises where said machinery may be located, and to remove the same as its property . . ."

"On or about the 4th day of October, 1915, the said W. A. Kraner & Co. entered into a contract with the city of Ellensburg, for the improvement, enlargement and extension of the power plant owned and operated by said city as aforesaid, which contract was and is in writing and specified, among other things, for the installation in said plant of machinery of the type, character and description so sold by the plaintiff to the said W. A. Kraner & Co."

Thereafter the machinery and equipment was by appellant shipped to W. A. Kraner & Company at Ellensburg, and was received and accepted by that company.

"In or about the month of July or the month of August, 1916, the defendant city of Ellensburg, conceiving that said Kraner & Co. had abandoned said work, or would not complete it, itself took over, assumed and undertook the completion of the buildings and work that Kraner & Co. had so contracted to do; and it, the said city, proceeded to complete said work, and installed in said power plant and buildings such of said machinery that plaintiff had so delivered and agreed to sell to said Kraner & Co. as had not already been installed therein. And the said city still retains all of said machinery and refuses to return the same to the plaintiff, although the purchase price therefor has not been paid; and said defendant city also refuses to pay the unpaid balance of the purchase price of and for the said machinery or any part thereof. . . . No part of the said purchase price of said machinery has been paid except the sum of $13,263, and there is due, unpaid and owing to the plaintiff on account of said purchase price of said machinery the sum of $2,334, with interest thereon at the rate of six per cent per annum from and after May 22, 1916. . . . The defendant city, at all the times herein mentioned, had notice and knowledge of the relations existing between the plaintiff and said W. A. Kraner & Co., as hereinabove alleged, and the state of their account, and the terms of the contract whereby plaintiff had agreed to sell and deliver said machinery, and that the purchase price thereof had not been paid, and that the

title to, and ownership of, said property was in and remained with the plaintiff until the purchase price thereof had been fully paid. And particularly the plaintiff, by letter written on its behalf by its general attorney, duly posted, mailed and addressed to the city clerk of said city, on the 5th day of October, 1915, and received by the said city clerk on or about October 8, 1915, and by him read and communicated to the mayor and council, notified and stated to said defendant, city of Ellensburg, as follows: 'I presume that you understand, but if not, we wish to bring formally to your notice as city clerk the fact that our contract with W. A. Kraner & Co. is a conditional sale contract in which the title and right of possession to the machinery therein specified is retained by Allis-Chalmers Manufacturing Company, until all payments thereunder have been fully made in cash.' . . ."

The complaint concludes:

"By reason of the premises the defendant, city of Ellensburg, assumed and agreed to pay to the plaintiff the unpaid purchase price of said machinery or to return the same to plaintiff, and plaintiff has a lien upon and against said machinery for the said unpaid balance of the purchase price, with interest thereon. Wherefore plaintiff demands judgment: That it have and recover of and from the defendant, city of Ellensburg, the sum of $2,334, with interest thereon at the rate of six per cent per annum from and after May 22, 1916, or for the recovery of said personal property and machinery, or for such other and further relief as may be just and equitable; . . ."

If this were a conditional sale of property other than for the purpose—as counsel for the city assumes, and as we shall assume for argument's sake—of its being placed in the city's plant, there would seem to be but little room for arguing that the conditional sale contract should not be given full force and effect and the title to the machinery and equipment held to remain in appellant until full payment of the agreed

purchase price. The principal contention made by counsel for the city in support of the judgment, and apparently the principal ground upon which the trial court rested its judgment, seems to be that, because of this purpose on the part of appellant and Kraner & Company, appellant lost all right to reclaim the machinery and equipment when it was, by Kraner & Company and the city, placed in the city's plant in compliance with the construction and equipment contract. In support of this contention, counsel for the city invoke the general rule as quoted in *Peasley v. Noble,* 17 Idaho 686, 107 Pac. 402, 134 Am St. 270, 27 L. R. A. (N. S.) 211, from *New Haven Wire Co. Cases,* 57 Conn. 352 (*Baring v. Galpin,* 18 Atl. 266), 5 L. R. A. 300, as follows:

"The effect of a conditional sale and delivery of the property to the vendee with power to sell it as the property of the vendor and deliver the proceeds to him, is that, upon a sale by the vendee of the property, it ceases to be security to the vendor and the purchaser acquires a good title, and if the vendee does not pay to the vendor, but retains the proceeds of the sale and uses them, the vendee becomes a debtor to the vendor therefor, and the latter has no priority over other creditors."

We do not think this rule is applicable to the facts of this case. This conditional sale contract does not in terms vest in Kraner & Company any power to sell or transfer the title of appellant to the machinery and equipment to the city. The contracts involved in those cases did contain such power of disposition by the vendee of the vendor's title. Nor do we think that this conditional sale contract inferentially vests such power in Kraner & Company to dispose of appellant's reserved title to the machinery and equipment, but that it clearly negatives any such thought; for it not only makes express reservation of title to the equip-

ment and machinery in appellant until the purchase price therefor is fully paid, but also provides, "that the said machinery shall remain the personal property of the company whatever may be the mode of its attachment to realty or otherwise, until fully paid for in cash." The equipment and machinery being sold for the purpose of going into the city's plant, this language of the contract manifestly has reference to the possibility of its becoming so attached to the city's plant that it might become a part of the realty under ordinary circumstances, and is, we think, in effect, an express provision that, even under such circumstances, the title shall still remain in appellant until the full purchase price is paid; and, as we have seen, the city had actual notice of the existence of the conditional sale contract and the conditions thereof before any of the equipment or machinery went into its plant.

Some contention is made that the conditional sale contract should be held void as to the city because it was not recorded as provided by Rem. Code, § 3670; but, as we have seen, the city, according to the allegations of the complaint, had actual notice of the existence of the conditional sale contract and the conditions thereof. We think that such actual notice was effectual in protecting the title to the machinery and equipment in appellant, regardless of record notice. *State v. Brummett,* 98 Wash. 182, 167 Pac. 120; 35 Cyc. 351. Whether or not a mere constructive record notice would have protected appellant's title under these circumstances, we need not here decide. The decision in *Allis-Chalmers Co. v. City of Atlantic,* 164 Iowa 8, 144 N. W. 346, Ann. Cas. 1916D 910, 52 L. R. A. (N. S.) 561, is of interest in this connection.

Contention is also made that the allegations of the complaint, especially the concluding one above quoted, and the prayer of the complaint, evidence an election

to waive title to the machinery and equipment on the part of the appellant and seek to recover from the city the balance due upon the purchase price of the conditional sale contract. It is true that the concluding allegation of the complaint may, when read apart from the other allegations, seem to indicate that appellant is attempting in effect to foreclose a claimed lien upon the machinery and equipment; and in the prayer of the complaint it might be said that there is an alternative prayer for recovery of the personal property after a prayer for a money judgment. We think, however, that, reading the complaint as a whole, it is apparent that appellant is seeking to recover primarily the machinery and equipment upon the theory that it possesses title thereto because of the failure in payment of the full purchase price thereof under the conditional sale contract, and that, instead of the recovery of the property being the alternative for the recovery of the balance due upon the purchase price, the recovery of the purchase price is voluntarily submitted by appellant as an alternative for the recovery of the property. In other words, appellant is simply offering to do equity, rather than claim the property freed from all claims of the city, as under the terms of the conditional sale contract it had the right to do. We think this is not a seeking of the recovery of money from the city, but rather a seeking to recover the property, accompanied with an offer to permit the city to keep the property if it will pay the balance due upon the purchase price. We are of the opinion that the allegations of the complaint do not show an election on the part of appellant to waive title to the machinery and equipment and sue for the purchase price, as in the case of *Winton Motor Carriage Co. v. Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71, relied upon by counsel for the city.

Contention is also made that the complaint fails to state a cause of action because it fails to allege the filing of a claim for the balance due on the purchase price with the city, in compliance with Rem. Code, § 7998, such filing of a claim being a prerequisite to the suing of a city of the class to which Ellensburg belongs, where a money judgment is sought against such city upon certain classes of claims. The answer to this contention is found, we think, in what we have already said touching appellant's claim of title to the machinery and equipment. Plainly it was unnecessary to file a claim under § 7998 in order to maintain an action to recover the machinery and equipment; and that, we think, is the gist of appellant's cause of action.

Some contention is made upon the theory that the machinery and equipment has become attached to, and thereby became a part of, real property belonging to the city. We do not find in the complaint any allegations warranting any such conclusion of fact; but, even so, as already noticed, by the expressed terms of the conditional sale contract, appellant's title to the machinery and equipment would still be preserved, even though it had become attached to the realty so that, under ordinary circumstances, it would become a part thereof.

Some contention is made in behalf of the city that, since the machinery and equipment was sold by appellant to Kraner & Company for the purpose of placing it in the city's plant, appellant is limited in its remedy to an action upon the bond required of contractors under Rem. Code, § 1159, relating to security for laborers and materialmen furnishing labor or material for public works; or to an action against the city seeking a money judgment only, in case the city has neglected to require such bond from Kraner & Company, the contractor, as provided by Rem. Code, § 1160. No authorities are

cited supporting this contention. We are of the opinion that appellant had the right to enter into the conditional sale contract, retaining title in its machinery and equipment as it did, and that such contract is as valid and binding against the city, it having actual notice thereof before receiving any of the machinery and equipment, as if the city were a private individual, to whose contracts Rem. Code, §§ 1159 and 1160, have no application.

We are quite convinced that the facts as alleged in the complaint state a cause of action in favor of appellant against the city. The order of the trial court sustaining the city's demurrer to the complaint, and the judgment of dismissal rendered thereon upon appellant's election to stand upon the allegations of its complaint, are reversed, and the cause remanded to the superior court for such further proceedings as may not be inconsistent with the views herein expressed.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MOUNT, JJ., concur.