[No. 16064.  Department One.  January 7, 1921.]

OTHELLO STATE BANK, *Respondent*, v. J. I. CASE
THRESHING MACHINE COMPANY, *Appellant*.[1]

CHATTEL MORTGAGES (24)—FILING AND RECORDING — EFFECT OF
FAILURE TO RECORD, OR DEFECTIVE RECORD.  The failure to file and
record a renewal of a chattel mortgage, under Rem. Code, § 3662,
covering machinery upon which a subsequent chattel mortgage is
placed with knowledge of the existence of the first mortgage, does
not defeat the right to foreclosure where, prior to such renewal,
foreclosure was commenced and the holder of the second mortgage
was joined as a party defendant and this action was dismissed upon
the payment of $1,000 by the mortgagor with money secured from
the second mortgagee, and it was in that action stipulated that
the mortgage be extended until October 1, 1918.

SAME (43)—LIEN AND PRIORITY—NOTICE AFFECTING PRIORITY.  A
past due chattel mortgage may be foreclosed as a prior lien over
a second mortgage not yet due, even though the provisions of Rem.
Code, § 3662, requiring notice of the renewal thereof to be filed
with the county auditor have not been complied with, where the
party seeking to enjoin such foreclosure has actual notice of such
renewal.

Appeal from a judgment of the superior court for
Adams county, Truax, J., entered August 6, 1920, upon
findings in favor of the plaintiff, in an action to restrain
the foreclosure of a chattel mortgage, tried on the
merits to the court.  Reversed.

*David R. Glasgow,* for appellant.

*J. D. Campbell,* for respondent.

MACKINTOSH, J.—Respondent commenced this action
for the purpose of restraining the appellant from fore-
closing a chattel mortgage on certain machinery sold
to the defendants Bagwell, upon which the respondent
also held a mortgage.

The Bagwells, in 1915, purchased from the appellant
a threshing machine outfit and gave, as part of the

[1]Reported in 194 Pac. 563.

purchase price, promissory notes, the last note maturing on October 1, 1917, these notes being secured by a mortgage. On October 16, 1917, the defendants Bagwell gave a mortgage to the respondent on the same machinery. The last note due the appellant not being paid, in October, 1917, the appellant began an action in which action the respondent was joined as a party defendant. This action was dismissed on motion of the appellant upon the payment of $1,000, secured by the Bagwells from the respondent. In that action, it was stipulated that the mortgage of the appellant should be extended until October 1, 1918.

In December, 1919, the extension then having expired and the note not having been paid, appellant again instituted proceedings to foreclose its mortgage, no notice by the appellant of the renewal of the chattel mortgage held by it ever having been made or filed, as required by Rem. Code, § 3662, prior to the commencement of this second foreclosure suit or prior to the time of trial. The respondent, claiming to be a subsequent encumbrancer, posits that its mortgage is now the prior encumbrance for the noncompliance of appellant with the statute. That statute is:

"Every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof, but shall cease to be notice, as against creditors of the mortgagors and subsequent purchasers and mortgagees in good faith after the expiration of the time such mortgage becomes due, unless before the expiration of two years after the time such mortgage becomes due, the mortgagee, his agent or attorney, shall make and file as aforesaid, an affidavit setting forth the amount due upon the mortgage, which affidavit shall be annexed to the instrument to which it relates and the auditor shall indorse on said affidavit the time it was filed."

Respondent's mortgage, which was made expressly subject to that of the appellant, was given to secure the money used to make the partial payment to the appellant, and was taken with full knowledge of the agreement for the dismissal of the first foreclosure suit and the extension of the time for payment of the balance of the indebtedness for one year.

Having been parties to, and familiar with, the arrangement between the defendants Bagwell and the appellant, the respondent is in no position to take advantage of the provision of the statute. As between the three parties here, the extension of the note for one year had the effect of extending the operation of the mortgage for the period of two years succeeding the due date as extended, and the action of the appellant having been begun before the expiration of those two years, its mortgage, at that time, had not lost its priority. Also, the statute itself operates only for the benefit of creditors, subsequent purchasers and mortgagees who become such "in good faith after the expiration of the time said mortgage becomes due."

Jones, on Chattel Mortgages, § 318, announces this doctrine:

"Subsequent purchasers and mortgagees are not protected unless they take their conveyances in good faith: and they cannot take them in good faith if they have actual knowledge of the existence of an antecedent mortgage."

See, also, 11 C. J. 650, and cases there cited.

This court in *Hinchman v. Point Defiance R. Co.*, 14 Wash. 349, 44 Pac. 867, has this to say upon the question of good faith:

"Appellants also insist that the words 'good faith' do not mean or include 'without notice,' and they argue that there is no want of good faith on the part of one who secures 'a lien on his debtor's property,

which property may have been included in a chattel mortgage which the law declares to be void as to him.' But we answer that the law has not declared the unrecorded mortgage absolutely void as to a subsequent purchaser or mortgagee, but only void as to such purchaser or mortgagee for value and in good faith. As between the mortgagor and the mortgagee the mortgage is valid although not recorded, and we do not think that one who takes a subsequent mortgage upon property which he knows is embraced within the prior unrecorded mortgage of another can be permitted to assail such prior mortgage because of the mere failure to record it."

Also in *Mendenhall v. Kratz,* 14 Wash. 453, 44 Pac. 872, is the following:

"The mere fact, therefore, that respondent's mortgage was not verified or recorded will not render it invalid as to appellant unless he purchased the property for value and in good faith; and no one can become a purchaser or an incumbrancer of property in good faith, if he have notice of a pre-existing mortgage, although such mortgage may not be recorded or verified in accordance with the statute."

If these decisions are sound—and this we do not question—such a mortgage would be invalid as between uninformed subsequent third parties and valid as between the parties thereto and subsequent parties possessed of full knowledge of all the circumstances; and, in the case on hand, the extension of the mortgage of the appellant carried with it, as far as the respondent is concerned, the benefit afforded by § 3662, for the statutory period beyond the date of the extension granted, and it is no answer to this to say that the operation of the statute was not discussed or that the respondent had done everything which it had agreed to do in the arrangements between itself and the appellant and the defendants Bagwell. It is now estopped

from claiming a priority for its mortgage. The judgment of the superior court will be reversed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.