[No. 18678. Department Two. March 12, 1925.]

FARMERS STATE BANK OF LIND *et- al., Appellants,* v. F. M. McCULLEY *et al., Defendants,* UNION WAREHOUSE AND ELEVATOR COMPANY, *Cross-Appellants.*[1]

CHATTEL MORTGAGES (43)—RECORDING—LIEN AND PRIORITY—NOTICE —SUBSEQUENT INCUMBRANCERS—STATUTES. Where a second mortgage of chattels recites that the property is free of all encumbrances "except mortgage of record," and the second mortgagee had actual notice of the first mortgage, the latter has priority regardless of failure to file a renewal notice within two years, as required for the protection of subsequent *bona fide* purchasers or mortgagees by Rem. Comp. Stat., § 3782, which has no application in such a case.

Cross-appeals from a judgment of the superior court for Adams county, Truax, J., entered December 10, 1923, in favor of the intervener, in an action on promissory notes and to foreclose a mortgage, tried to the court. Reversed on plaintiff's appeal.

*W. O. Miller,* for appellants.

*G. E. Lovell* and *C. H. Brittenham,* for respondent and cross-appellant.

MITCHELL, J.—The question to be determined in this case relates to the priority of chattel mortgages on the same property.

On November 6, 1919, F. M. McCulley and J. L. McCulley and A. B. Gertson gave the Farmers State

[1]Reported in 233 Pac. 661.

Bank of Lind a chattel mortgage to secure the payment of a $1,000 note due June 6, 1920, and a $4,000 note due September 1, 1920, and also to secure future advances not exceeding $1,000. Further advances amounted to $500, for which three notes were given on May 16, 1921, due September 1, 1921. The mortgage was acknowledged, bore the affidavit of good faith, and was filed for record November 8, 1919.

On April 3, 1922, the McCulleys gave to the Union Warehouse and Elevator Company a chattel mortgage on the same property to secure two notes for past indebtedness in the sum of $4,285.10, both notes maturing October 1, 1922. On April 17, 1922, A. B. Gertson gave the Union Warehouse and Elevator Company a chattel mortgage on the same property to secure the same indebtedness represented by the McCulley mortgage. Each of the mortgages to the elevator company was acknowledged, bore an affidavit of good faith, and was filed for record within ten days after it was executed; and each of them contained a clause that the property therein described was "free from all incumbrances *except mortgages of record.*"

The bank closed its doors and its affairs were taken over by the then supervisor of banking. On May 26, 1923, which was more than two years after the maturity of the two original notes due the bank, but within two years from the date of the three notes aggregating $500 representing future advances covered by the mortgage to the bank, a deputy supervisor of banking made and filed of record a renewal notice affidavit under § 3782, Rem. Comp. Stat. [P. C. § 9761]. The debt to the bank not being paid, this action was brought in July, 1923, for judgment on all five notes and to foreclose the mortgage against the McCulleys and Gertson, defendants. The Union Warehouse and Elevator Company intervened and asserted the prior-

ity of its mortgages. The defendants defaulted and are not parties to the appeal. As between the plaintiff and intervener, the judgment entered upon the trial was that the bank's mortgage was superior to the extent of $500, on the theory that the renewal notice affidavit was filed within two years from the due date of the three notes representing future advances, but inferior to the intervener's mortgage as to the two original notes amounting to $5,000 which the mortgage was given to secure, on the theory that the renewal notice affidavit was filed more than two years after the due dates of those two notes. The plaintiff has appealed and the intervener has cross-appealed, each from that portion of the judgment adverse to it.

The statute on the subject of continuing the notice of the existence of a chattel mortgage by the filing of an affidavit, § 3782, Rem. Comp. Stat., provides in effect that every mortgage filed and indexed pursuant to the act shall be held to be full notice to all the world of the existence and conditions thereof, but shall cease to be such notice, as against creditors of the mortgagor and subsequent purchasers and mortgagees *in good faith* after the expiration of the due date of the mortgage, unless before two years after such due date the mortgagee, his agent or attorney shall make and file an affidavit, etc. The statute deals with the subject of constructive notice and is intended for the protection and benefit of creditors of the mortgagor and subsequent purchasers and mortgagees in good faith. It is of no use under the facts in this case. It was set out in full and considered in the case of *Othello State Bank v. Case Threshing Machine Co.*, 113 Wash. 680, 194 Pac. 563, wherein it was said: "The statute itself operates only for the benefit of creditors, subsequent purchasers and mortgagees who become such 'in good faith after the expiration of the time

said mortgage becomes due.' " The opinion then cites and quotes from Jones on Chattel Mortgages, § 318, cites 11 C. J. 650, and mentions and quotes from *Hinchman v. Point Defiance R. Co.,* 14 Wash. 349, 44 Pac. 867, and *Mendenhall v. Kratz,* 14 Wash. 453, 44 Pac. 872, in definition of subsequent purchasers and incumbrancers in good faith who are protected by statute, and continuing, the opinion says:

"If these decisions are sound—and this we do not question—such a mortgage would be invalid as between uninformed subsequent third parties and valid as between the parties thereto and subsequent parties possessed of full knowledge of all the circumstances."

The cross-appellant is a subsequent incumbrancer. It is upon such an instrument it claims priority over the mortgage of the appellant. By the evidence in the case there is a very grave dispute but that, shortly before cross-appellant received its mortgage, it was informed of appellant's mortgage by an officer of the bank. In one memorandum opinion of the trial court it is stated that such information was given. But, aside from any consideration of that dispute, the cross-appellant did have actual notice of the prior mortgage. Its mortgage from the McCulleys states that the property is "free from all incumbrances except mortgage of record." Its mortgage from Gertson states the same thing. The bank's mortgage was of record at each of those dates, and, so far as the proof here shows, it was the only mortgage of record at those times covering that property. It thus appears that the cross-appellant was not a subsequent incumbrancer in good faith within the purview of the statute relied on. What has already been said herein disposes also of the cross-appeal.

Reversed and remanded with directions to the lower court to enter a judgment giving appellant's mortgage

prior right in the full amount of all indebtedness due and secured by its mortgage on all of the property covered by the mortgage, over the mortgages given to the cross-appellant.

HOLCOMB, MAIN, FULLERTON, and MACKINTOSH, JJ., concur.