[No. 25811. Department Two. August 6, 1936.]

H. H. CARDWELL, *Respondent*, v. FRANK RUCHERT, *Defendant*, D. C. McFALL *et al., Appellants.*[1]

*G. W. Jewett* and *John C. Hurspool*, for appellants.

*C. A. McCabe*, for respondent.

MILLARD, C. J.—On January 7, 1932, Frank Ruchert gave a chattel mortgage to H. H. Cardwell covering certain horses, cattle, farm machinery and crops to secure the payment of two promissory notes payable on demand, as well as any future advances which the mortgagee might make in order to care for and harvest crops. The mortgage was duly filed in the office of the county auditor January 12, 1932.

On February 20, 1934, no affidavit setting forth the amount still due on the obligations secured by the mortgage having been filed as provided in Rem. Rev. Stat.,

[1]Reported in 59 P. (2d) 1120.

§ 3782 [P. C. § 9761], D. C. McFall, who had actual notice of this mortgage, commenced an action against Ruchert to collect the amount due on three notes executed in 1928 and an open account incurred in 1930, and thereupon caused the issuance of a writ of attachment on the property of Ruchert not exempt from execution and placed the writ in the hands of the sheriff.

February 20, 1934, following a questioned levy under the writ of attachment, Ruchert gave Cardwell a new chattel mortgage on the same property and as security for the same indebtedness covered by the former mortgage.

On March 13, 1934, McFall obtained judgment in his action. On May 8th, he caused general execution to be issued thereon, and on May 18th, the sheriff gave notice of sale to be held on June 23rd of the personalty treated as levied upon by the writ of attachment, which property was also included in the two mortgages. On June 21st, this action was commenced for an injunction to restrain the sale under the execution and also for the foreclosure of the Cardwell mortgages. The trial of the cause resulted in favor of Cardwell. McFall and Patterson, the sheriff, appealed.

Appellants argue that the trial court erred in holding the chattel mortgage of January 7, 1932, valid as against appellant McFall, it being contended that respondent's failure to file a renewal affidavit, as provided by Rem. Rev. Stat., § 3782 [P. C. § 9761], prior to January 7, 1934, or within two years after the giving of the mortgage of January 7, 1932, invalidated that mortgage as to creditors. The trial court relied upon *Othello State Bank v. J. I. Case Threshing Machine Co.*, 113 Wash. 680, 194 Pac. 563; and *First State Bank of LaCrosse v. McGregor Land & Live Stock Co.*, 141 Wash. 549, 251 Pac. 865, 51 A. L. R. 585.

It is the position of appellants that the foregoing cases are inapplicable because they involved "subsequent . . . mortgagees" and not prior general creditors, the distinction being found in the terms of the statute declaring that, unless the renewal or extension affidavit is filed, the mortgage shall "cease to be notice as against such creditors and subsequent purchasers and mortgagees in good faith," the word "subsequent" qualifying the term "purchasers and mortgagees" but not the term "creditors." There would be merit to this argument if the word "notice" were changed to "valid." 1 Jones on Chattel Mortgages and Conditional Sales (Bowers ed.), § 292.

But our law does not invalidate the mortgage; it only makes it ineffectual as a means of giving notice. While it is true that the two cases mentioned deal with subsequent mortgagees instead of general creditors, that distinction is immaterial, in view of the holding that the failure to file the statutory affidavit does not destroy the mortgage lien. "The statute deals with the subject of constructive notice." *Farmers State Bank of Lind v. McCully,* 133 Wash. 364, 233 Pac. 661. This recordation requirement is a statutory substitute for actual notice; therefore, actual notice fulfills the purpose of constructive notice. 3 Jones on Chattel Mortgages and Conditional Sales (Bowers ed.), § 1076; *Allis-Chalmers Mfg. Co. v. Ellensburg,* 108 Wash. 533, 185 Pac. 811.

Conceding that McFall was a creditor within the contemplation of Rem. Rev. Stat., § 3782 [P. C. § 9761], the requirement of that statute is ineffectual in this case because McFall had actual notice of the mortgage, and the mere failure to file the affidavit did not of itself void the lien.

Appellant McFall having caused a levy by attachment on all the right, title and interest of Ruchert

in the lease of real estate owned by one Chard and occupied by Ruchert under a sharing farming lease, it is argued by appellant that this covers the growing crops, inasmuch as the 1932 mortgage did not cover the 1934 crops and the later mortgage was not given until subsequent to the levy. Appellants admit that, in the absence of showing of consent by the landlord, a sale under the attachment and execution can not be made, but insist that consent was obtained.

There is evidence of conversations had with Mr. Chard relative to selling Ruchert's leasehold interest in the land and crops, but there is more positive evidence that, on June 2nd, Chard gave written notice of his objection to the sale and on the witness stand reiterated his objection. We find no good reason for denial of the right of the lessor to make a valid objection on June 2nd and continuously thereafter.

We have considered the other errors assigned and find same without substantial merit.

The judgment is affirmed.

BEALS, MAIN, HOLCOMB, and BLAKE, JJ., concur.