PHILIP KRIBBS, Respondent, v. BYRON ALFORD et al., Appellants.

J., the owner of certain lands, executed a written instrument, termed a lease, by which he conferred on A. the exclusive right to produce oil and gas from said land for twelve years, and, for that purpose, to go upon it and make necessary erections, and to remove at the end of term any and all tools, machinery and the casing to the wells and drive-pipe if J. refused to pay a fair price therefor. A. assigned his interest in the lease to G. and P.; P. executed to plaintiff a mortgage upon his undivided interest in the lease, and upon all his interest in the oil wells and the structures, etc., then thereon or to be placed thereon. A copy of this instrument was duly filed in the town clerk's office as a chattel mortgage. G. and P. sold and assigned all their rights and interests under the lease to the defendants A. and C., who there-after added largely to the plant by way of engines, boilers and other machinery. Said defendants claimed to have purchased without notice of plaintiff's mortgage. In an action to foreclose the mortgage, *held*, that it was valid as a chattel mortgage; that A. and C. were chargeable with constructive notice thereof, and plaintiff's lien was not affected by their failure to find it; that, as between the parties it operated to create a lien in equity upon the chattels purchased and placed upon the land by the mortgagor subsequent to its date; but, that the lien did not attach to the personalty placed thereon by the assignees of the mortgagor.

(Argued May 2, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1887, which affirmed a judg-ment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts are sufficiently stated in the opinion.

*J. H. Waring* for appellants. The instrument executed by Johnson and Argue was not a lease of the land described in it. (*Voorhees* v. *P. Church*, 5 How. Pr. 58, 71; *Jackson* v. *Harsen*, 7 Cow. 523, 526; *Dolittle* v. *Eddy*, 7 Barb. 74, 78; 4 Kent's Com. 85; 1 Washb. on Real Prop. 291; *Bradish* v. *Frink*, 49 N. Y. 24, 27; *Shepherd* v. *M. C. O. Co.*, 38 Hun, 37; 3 Kent's Com. 452; *Gibbons* v. *Ogden*, 1 Wheat. 1,213;

*Funk* v. *Haldeman*, 53 Penn. St. 227; *Dart* v. *Johnson*, 55 id. 164; *Jackson* v. *Park*, 9 Cow. 73, 81; 2 Black. Com. 103; 2 R. S. [6th ed.] 1101, § 5; *Despard* v. *Churchill*, 53 N. Y. 192, 199; *In re Gay*, 5 Mass. 439, 445; *Brown* v. *Young*, 35 Hun, 173, 180; *Burr* v. *Stenton*, 52 Barb. 377, 389; *Buckley* v. *Buckley*, 11 Barb. 43, 54; *Potter* v. *Cromwell*, 45 N. Y. 287, 290; *Voorhees* v. *McGinnis*, 48 id. 278; *Potter* v. *Cromwell*, 40 id. 387; *Capen* v. *Peckham*, 35 Conn. 88; *Voorhis* v. *Freeman*, 2 W. & S. 116; *Pyle* v. *Pennock*, Id. 390; *Murdock* v. *Gifford*, 18 N. Y. 28; *Winslow* v. *M. Ins. Co.*, 4 Metc. 306; *Swift* v. *Thompson*, 9 Conn. 63; *McRea* v. *C. Bank*, 66 N. Y. 489; *Ford* v. *Cobb*, 28 id. 344, 348, 349; *Raymond* v. *White*, 7 Cow. 319; *Miller* v. *Plumb*, 6 id. 665; *Tift* v. *Horton*, 53 N. Y. 377; *Breese* v. *Bangs*, 2 E. D. Smith, 474; *Day* v. *Perkins*, 2 Sandf. 359.) The lease and the other property being personal, the instrument which the action is brought to foreclose is a chattel mortgage and does not operate to transfer subsequently acquired property. (*Otis* v. *Sill*, 8 Barb. 102, 110, 111; *Gardner* v. *McEwen*, 19 N. Y. 123, 125; *McCaffery* v. *Wooden*, 65 id. 459; *Moody* v. *Wright*, 54 Mass. 17, 37; *Jones* v. *Richardson*, 51 id. 481, 490; *F. L., etc., Co.* v. *L. I., etc., Co.*, 27 Hun, 89; *Huntington* v. *Mather*, 2 Barb. 538; *Cressy* v. *Sabre*, 17 Hun, 120; *Conderwan* v. *Smith*, 41 Barb. 404; *Bank* v. *Crary*, 1 id. 542; *Milliman* v. *Neher*, 20 id. 37; *Codman* v. *Freeman*, 57 Mass. 306; *Barnard* v. *Eaton*, 56 id. 294, 303; *Parshall* v. *Eggert*, 54 N. Y. 18; *Codman* v. *Smith*, 4 Barb. 404; *Levy* v. *Welsh*, 2 Edw. Ch. 438; *Winslow* v. *M. Ins. Co.*, 45 Mass. 306; *Rogers* v. *Hosack*, 18 Wend. 319.) If the lease in question were real instead of personal property, then Alford and Curtiss are *bona fide* purchasers without notice. (2 L. C. in Eq. 32.) The failure to put down the fourth well by Garrett and Prentice was a breach of the condition subsequent, which worked a forfeiture of the lease to the whole ten acres and no re-entry by Johnson was necessary to make the forfeiture complete. (*A., etc., Co.* v. *B., etc., Co.*, 21 Hun, 26; 86 N. Y. 638.) The decisions of

the referee on the appellant's requests to find that Garrett and Prentice's title to the lease depended upon the condition that they completed a fourth well on it as soon as a fourth one was completed on the adjoining lease were erroneous. (*Tompkins* v. *See*, 59 N. Y. 662; *Swinger* v. *Raymond*, 83 id. 192, 199.) It was error in the referee to receive in evidence under the defendant's exception the indices of the filing of chattel mortgages. (3 R. S. [6th ed.] 145, § 19 ; *Guy* v. *Meade*, 22 N. Y. 462 ; *Halsey* v. *Sinsebaugh*, 15 id. 485.)

*J. Arthur Corbin* for respondent. The mortgage having been regularly filed and refiled, it was constructive notice to defendants, and plaintiff cannot be prejudiced by any negligence of the clerk, nor by the fact that it was lost or mislaid so that defendants were unable to find it when making search in the clerk's office for encumbrances on the property. (*Neele* v. *Berryhill*, 4 How. Pr. 16 ; *In re Christern*, 56 id. 10 ; *M. L. Ins. Co.* v. *Dake*, 1 Abb. [N. C.] 381 ; *Meech* v. *Patchin*, 14 N. Y. 71 ; *Thompson* v. *Van Vechten*, 27 id. 568; *Dillingham* v. *Bolt*, 37 id. 197 ; *Lewis* v. *Palmer*, 54 id. 675 ; *Guy* v. *Mead*, 22 id. 462 ; *Halsey* v. *Sinsebaugh*, 15 id. 485 ; Code, § 922.) The question as to whether the leasehold interest and the oil wells, machinery, etc., covered by the mortgage were simply personal or chattels real and within the provisions of the recording acts, under which leases for a longer term than three years are deemed real estate within the meaning of the recording act (1 R. S. 762), is not material, as the mortgage was recorded and the conveyance to defendants was not recorded, and the fact that Alford and Curtis were *bona fide* purchasers for value before the recording of the mortgage, they not having recorded their conveyance, does not, under the recording act, give them a priority over the plaintiff's mortgage (1 R. S. 756; *Johnson* v. *Stagg*, 3 Johns. 510 ; *Westbrook* v. *Gleason*, 79 N. Y. 23 ; 89 id. 641 ; *Fort* v. *Burch*, 5 Den. 187 ; *Decker* v. *Boise*, 83 N. Y. 215.) The mortgage having been given prior to the passage of chapter 372 of the Laws of 1883, making oil leases, wells, etc., personal

property for all purposes except taxation, the rights of the parties are in no way affected by that act. (*Booth* v. *Kehoe,* 71 N. Y. 341; *Breese* v. *Bange,* 2 E. D. Smith, 474.) The mortgage, by its express terms, covers not only oil wells then on the lands, but all wells thereafter placed thereon, with machinery, fixtures, appliances, etc. The grantees are in the place of and bound by the covenants of their grantor. (*McCaffrey* v. *Woodin,* 65 N. Y. 459; *Breese* v. *Bange,* 2 E. D. Smith, 474; *Meux* v. *Jacobs,* L. R. [7 H. L. Cas.] 481; 13 Eng. Rep. 1444 L. J. Ch. 481; 23 W. R. 526; 32 L. T. [N. S.] 171; *Day* v. *Perkins,* 2 Sandf. Ch. 359; *Voorhees* v. *McGinnis,* 48 N. Y. 278; *Snedeker* v. *Warring,* 12 id. 170; *Rice* v. *Dewey,* 54 Barb. 455; *Warner* v. *Van Aylestyne,* 3 Paige, 523; *Phyfe* v. *Wardell,* 5 id. 268.) It is immaterial whether the lease, wells, structures, machinery and appliances were real or personal property, and the judgment should not be reversed for any error of the referee finding either way on that question, as it would not affect the result, nor in any way affect substantial justice as to any of the parties. (*Christensen* v. *Colby,* 23 Wkly. Dig. 87; *Martin* v. *U. L. Ins. Co.,* 85 N. Y. 278; 15 Abb. Pr. 280; *Tenney* v. *Berger,* 93 N. Y. 514; *Thorn* v. *Turk,* 94 id. 90; *Storey* v. *W. M. M. B. Assn.,* 95 id. 474; 60 id. 651; 81 id. 623; 56 id. 654.) The undisputed evidence shows a waiver of any and all forfeitures. (4 Kent's Com. 122, 127; *Nicoll* v. *N. Y. & E. R. R. Co.,* 12 N. Y. 121, 131; Washb. on Real Prop. 473; 2 Greenl. Cruise on Real Prop. 13; *Duryee* v. *Mayor, etc.,* 62 N. Y. 592; 12 Barb. 440; 17 Wend. 447; *Sheldon* v. *Sherman,* 42 N. Y. 484, 489; *Maeyer* v. *Lathrop,* 73 id. 315, 321; *Hays* v. *Miller,* 70 id. 112, 116; 22 id. 323; 28 id. 310; 31 id. 549; *Christersen* v. *Colby,* 23 Wkly. Dig. 87; *Martin* v. *U. L. Ins. Co.* 85 N. Y. 278; 93 id. 524; 94 id. 90; 95 id. 474; 15 Abb. Pr. 280; 60 N. Y. 651; 81 id. 623; 56 id. 664.)

PARKER, J. On the 15th day of May, 1880, one Johnson, then being the owner in fee of certain lands, executed and delivered to Thomas Argue an instrument in writing (which for

convenience will hereafter be termed a lease), which conferred upon the latter the exclusive right to produce oil and gas from said land for a period of twelve years. For that purpose it permitted him to go upon the land and make necessary erections; but as to any other use Johnson reserved the possession and right of enjoyment. It gave to Argue the right to remove any and all tools, boilers, engines and machinery; also the casing to the wells and drive-pipe, if Johnson should refuse to pay a fair price therefor.

Pursuant to the terms of the lease Argue and his assignees placed upon the property engines, boilers and other machinery necessary to carry on the operations for which the lease provided, and in view of the intent of the parties as manifested by the terms of the lease and otherwise, these articles retained their character of personalty after annexation. (*Potter* v. *Cromwell*, 40 N. Y. 287; *Murdock* v. *Gifford*, 18 id. 28; *Hoyle* v. *P. & M. R. R. Co.*, 54 id. 314, 324; *McRea* v. *C. N. Bank*, 66 id. 489–495.)

In October, 1880, Argue assigned his interest in the lease to Albert Garrett and Adam Pentice. Thereafter Adam Prentice, to secure the payment of $950.50, executed and delivered to the plaintiff a mortgage on his undivided interest in the lease and upon all "his interest in the oil wells now thereon and to be by him placed thereon, with all his interest in the structures, fixtures, equipments and appurtenances now on said lease or hereafter to be placed thereon."

On the 10th day of January, 1881, a copy of the mortgage was filed in the town clerk's office, and thereafter it was duly refiled. Subsequently, and on the 24th day of August, 1882, Garrett and Prentice sold and assigned all their rights and interests under the lease to the defendants Alford and Curtis, who thereafter finished one well, put down two others, and added largely to the plant by way of engines, boilers and other machinery.

And the substantial question presented by this appeal is, whether the tubings, casings, engines, boilers, shafting and other machinery purchased and placed upon the property after

the giving of the mortgage are embraced within it? True, the appellant contends that his title to the chattels is not burdened with the plaintiff's mortgage, because, as he alleges, Alford and Curtis purchased in good faith and without notice; but this claim is not well founded, for while a search, which failed to disclose the existence of a mortgage, was timely made in the town clerk's office, the referee has found upon sufficient evidence to support it, that the mortgage was filed as a chattel mortgage in the proper town clerk's office, and within thirty days of the expiration of the year thereafter it was refiled with the statement required by statute. Alford and Curtis are, therefore, chargeable with constructive notice, and the lien of the plaintiff is not affected by their failure to find the mortgage.

In some jurisdictions validity is denied to a contract in so far as it purports to embrace property to be acquired after date. The reason assigned for this holding is tersely stated in Perkins (§ 65): "It is a common learning in the law that a man cannot grant or charge that which he hath not."

In others it is held to be invalid in law, and yet operative in equity. Unexplained, this seems to be a solecism, and results from a use of language which fails to acurately convey the idea intended.

Invalidity at law imports nothing more than that a mortgage of property thereafter to be acquired is ineffectual as a grant to pass the legal title. A court of equity, in giving effect to such a provision, does not put itself in conflict with that principle. It does not hold that a conveyance of that which does not exist operates as a present transfer in equity, any more than it does in law. But it construes the instrument as operating by way of present contract, to give a lien, which, as between the parties, takes effect and attaches to the subject of it as soon as it comes into the ownership of the party. Such we deem the rule to be in equity in this state. (*McCaffrey* v. *Woodin*, 65 N. Y. 459; *Wisner* v. *Ocumpaugh*, 71 id. 113; *Coats* v. *Donnell*, 94 id. 168–177.)

As between the mortgagor, or his assignee, and the mortgagee, therefore, the chattel mortgage operated to create a

lien in equity as to the chattels purchased and placed upon the property by the mortgagor subsequent to its date. This lien the trial court rightly enforced by its judgment. But it went further and declared, in effect, that the lien attached to the personalty placed upon the property by the assignees of the mortgagor as well. This, we think, was error. The assignees did not contract that the machinery to be placed upon the property by them should be subject to the provisions of the mortgage. They did not assume or agree to pay the mortgage or carry out its provisions. Indeed, the assignment contained no condition or covenant whatsoever, and the assignees did not even know of the existence of the mortgage. Their acceptance of the lease bound them to fulfill the covenants running with the land. (113 Penn. St. 83 ; *Spencer's Case*, 1 Smith's L. C. 145.)

But it did not, in addition, burden them with the obligation to make good the personal covenants given by the lessee to third parties as security for an indebtedness. Because they had constructive notice of the existence of the mortgage the lien of plaintiff can be enforced, and the defendants deprived of the machinery on the premises at the time of the purchase by them of the lease. But the lien provided for by the instrument could, in any event, only extend to property thereafter acquired by the mortgagor. It could not attach to chattels to which the mortgagor has not acquired either title or possession. Indeed, it does not, by its terms, purport to embrace any other after-acquired property than that placed thereon by the mortgagor.

It follows, from the views expressed, that the judgment should be reversed and a new trial granted, with costs of this court to the appellant, unless, within thirty days, the plaintiff stipulate to modify the judgment by excepting therefrom the articles placed on the property after the assignment to Alford and Curtis, and described in schedule D., in which event the judgment as modified is affirmed, with costs to the appellant.

All concur except BRADLEY and HAIGHT, JJ., not sitting.

Judgment accordingly.