JOHN H. VAN VECHTEN, Respondent, *v.* JOHN McKONE, Appellant.

*Chattel mortgage on farm products — future products.*

A person may mortgage the future product of his farm, or property to be thereafter acquired, but to do so he must clearly express such intention, and the property must be described in the instrument.

A chattel mortgage of farm stock and farming utensils mentioned among the articles covered by it "35 tons of hay," and stated, after enumerating the various articles, "Said property now being and remaining in the possession of" the mortgagor.

*Held,* that, as the mortgage made no reference, expressly or by implication, to property to be acquired or produced thereafter, it must be construed to cover only property, including hay, in existence at the time of its execution.

APPEAL by the defendant, John McKone, from a judgment of the County Court of Montgomery county in favor of the plaintiff, rendered upon a trial by the court without a jury, upon appeal from a judgment of a Justice's Court in favor of the defendant, and entered in the office of the clerk of Montgomery county on the 15th day of February, 1892.

The action was brought to recover damages for the conversion by the defendant of fifteen tons of hay, claimed by the plaintiff to be covered by a chattel mortgage executed to him by one John Hansett, and which had been properly filed. The defendant alleged and proved that he was a constable, and as such had levied upon the hay in suit by virtue of an execution against the property of John Hansett, the mortgagor, in favor of a third party.

The chattel mortgage in question was upon farm stock and farm utensils, and mentioned among the articles covered by it " 35 tons of hay ; " and, after the list of articles, contained the following words : " Said property now being and remaining in the possession of John Hansett, in the Town of Duanesburg, Schenectady County, N. Y."

The trial court found that " at the time of the execution and delivery of the said chattel mortgage the said John Hansett did not have in his possession ' 35 tons of hay ' cut and harvested as hay, but that he did have meadow land on the farms in his said possession as aforesaid upon which grass and ' hay ' was then growing, and that at and prior to the time of the execution of the said chattel mortgage, it was talked over and agreed that there was not then 35 tons of hay there in the barn, but that said Hansett was to make that amount of 35 tons good from hay that grew that year."

*Simon Calkins*, for the appellant.

*Robert J. Sanson*, for the respondent.

HERRICK, J. :

I think there can be no question but that a person may mortgage the future product of his farm, or property to be thereafter acquired, but to do so he must clearly express his intention, and the property must be described in the instrument.

A chattel mortgage must contain " such a description of the property covered as will enable third persons clearly to identify the

property, when aided by inquiries which the instrument indicates and directs." (3 Am. & Eng. Ency. of Law, 180.) Such description must cover property in being as well as that to be thereafter acquired.

In *McCaffrey* v. *Woodin* (65 N. Y. 464–467), *Wisner* v. *Ocumpaugh* (71 id. 113); *Coats* v. *Donnell* (94 id. 177); *Kribbs* v. *Alford* (120 id. 519); *Green* v. *Armstrong* (1 Den. 550); *Smith* v. *Taber* (46 Hun, 313); *Betsinger* v. *Schuyler* (Id. 352), the instrument, whether lien, lease or chattel mortgage, by apt words and expressions, set forth the intention of covering property to be thereafter acquired, produced or raised.

In the chattel mortgage in this case there is no reference expressly or by implication to property to be acquired or produced thereafter, and being none, the mortgage must be construed to cover only property in existence at the time of the execution of the mortgage.

The hay seized by the defendant under his execution not having been in existence at the time of the execution of the mortgage, was not embraced by it, and the defendant is not liable to the plaintiff for its conversion. It follows, therefore, that the judgment should be reversed.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of County Court reversed, with costs.

---

ABRAM SCHERMERHORN, as Commissioner of Highways of the Town of Wilton, Appellant, *v.* THE MOUNT MCGREGOR RAILROAD COMPANY, and FRANK JONES, Receiver, Respondents.