FIDELITY TRUST COMPANY

*v.*

STATEN ISLAND CLAY COMPANY et al.

[Decided November 8th, 1905.]

1. A chattel mortgage, void as to creditors, for want of the statutory affidavit and proper record, is a lien upon the property mortgaged so far as the rights of the parties to the instrument are affected.

2. Such a mortgage is valid against the claims of the receiver of an insolvent corporation, unless it is made to appear that he is contesting it for the benefit of creditors, whose debts have been fastened on the personal property of the corporation by virtue of the insolvency proceedings.

3. A purchaser of chattels who buys subject to a chattel mortgage, which by its terms is to be extended to property subsequently acquired by the mortgagor, is not bound by such covenant, and his after-acquired property is not subject to the lien of the mortgage, unless he has assumed the obligations of the original mortgagor.

4. The covenant that the mortgage shall apply to after-acquired property is recognized in equity as a present agreement to give a lien as soon as such property comes into the mortgagor's ownership, and it may be enforced only where the contract is such as to be the subject of a decree for specific performance. The purchase of mortgaged chattels subject to the mortgage, without assumption or other affirmative act, does not create a contract between the mortgagee and the purchaser warranting a decree for performance.

On bill to foreclose.

*Mr. Samuel W. Beldon,* for the complainant.

*Messrs. Vroom, Dickinson & Scammell,* for W. Meredith Dickinson, receiver, defendant.

BERGEN, V. C.

The Staten Island Terra Cotta Lumber Company executed a mortgage to the complainant, as trustee, to secure the payment of three hundred and fifty bonds of the par value of $1,000 each.

The property covered by the mortgage was real and personal, the latter being described as

"all the personal property, slips, basins, ships, cars, machinery and fixtures of said Staten Island Terra Cotta Lumber Company now owned or that may hereafter be acquired by it."

In a subsequent paragraph of the indenture the property pledged was further described as

"and all other property, real, personal and mixed, fixtures and improvements now held and owned, or which may hereafter be acquired for, or in connection with, the construction, operation and maintenance, reparation or replacement of the business of said lumber company, or as convenient or necessary for the uses or purposes thereof, * * * together with all improvements or additions made or to be made to any or all of said property and estates and their appurtenances by the said party of the first part."

The mortgagor company becoming insolvent, receivers were appointed, and the mortgaged property sold and conveyed by them to the defendant corporation, subject to the mortgage referred to, the payment of which was not assumed by the purchaser.

After such purchase the defendant company took possession of the real and personal property and continued the business, purchasing and bringing upon the premises additional chattels, which were used in connection with the business, and are now the subject of this controversy.

The mortgage, although intended to be a lien on personal property, was not supported by the statutory affidavit as to the character of the consideration and the amount due, nor was it recorded as a chattel mortgage in the manner required by law.

The defendant company, after prosecuting the business for a number of years, became insolvent, and was so adjudged by the United States circuit court for the district of New Jersey, in proceedings had in that court for that purpose, and in furtherance of which W. Meredith Dickinson was appointed receiver of the corporation.

The proceedings in this cause have for their object the fore-

closure, by the trustee, of the mortgage given by the Staten Island Terra Cotta Lumber Company, subject to which the defendant company took title to the lands and chattels therein set out, and the only contest is over the right to the possession of the chattels, as to which the receiver raises two questions, claiming, *first,* that as to the defendant corporation which he represents, the mortgage is void as to all the personal property because it was not recorded as a chattel mortgage, and also that it lacks the affidavit essential to permit such record; *second,* that even if good as to the chattels which were bought subject to the mortgage, it is no lien on such after-acquired property as was brought on the premises by the defendant company.

The first proposition is not advanced by the receiver on behalf of the creditors of the insolvent corporation, for it is not alleged in the answer that the contest is waged for such a purpose. On the contrary, the answer only claims that the mortgage is void as against the Staten Island Clay Company, as a purchaser in good faith of the mortgaged premises, and also that it is void against the answering defendant, as receiver of the clay company, because there was no delivery followed by an actual and continued change of possession, and also because the mortgage had not attached to it the statutory affidavit, and was not recorded as a chattel mortgage. No evidence was offered to show that there were any creditors of the Staten Island Clay Company whose debts had become fastened upon the mortgaged chattels because of the insolvency proceedings. It is well settled in this state that the appointment of a receiver for an insolvent corporation gives to its creditors such a lien upon the assets of the company as to give to a receiver representing such creditors a footing in this court to contest the validity of a chattel mortgage covering its personal assets. *Graham Button Co.* v. *Spielmann,* 50 N. J. Eq. (5 Dick.) 120. Such a condition, however, is not presented here, there being not the slightest intimation in the answer of the receiver, nor in the proofs offered, that there are any unpaid creditors of the insolvent corporation whose debts are a lien upon these chattels. The ability of the counsel engaged in this cause forbids the presumption that so potent an

element of contest has been overlooked. As the cause now stands the contest is confined to the complainant on one side and the defendant corporation, represented by its receiver, on the other. And it follows that the first proposition must be determined against the receiver, for he stands in the place of the party who bought subject to the mortgage, with full knowledge of its existence and of the amount due thereon, of which sum it had the benefit when the consideration price was fixed. The infirmities in the execution and the want of record do not invalidate the instrument as between the parties to it.

The second insistment of the receiver presents the question whether a purchaser of the equity of redemption in personal property, which he takes subject to a mortgage containing a covenant that all after-acquired property brought on the premises by the original mortgagor shall be subject to the lien of the mortgage, is bound by that covenant to the extent of having all property he may purchase and bring on the premises by way of increase, or in substitution of that exhausted in the ordinary conduct of the business, made liable for a debt he neither created nor assumed.

The right of a chattel mortgagee to perfect his lien upon after-acquired property when his mortgage, by its terms, is made to extend to such chattels, is based in equity upon the theory that such an agreement is a present contract to give a lien, which becomes effective as soon as the property comes into the ownership of the mortgagor or contractor, and may then be enforced in equity, subject to any defence that would be available against a bill for specific performance. The relief is in the nature of specific performance, and is applicable only where the contract is such as, under the circumstances, would be the subject of a decree for specific performance against the mortgagor, or his assignee with notice, as to such chattels as the mortgagor had purchased and then assigned. *Williamson* v. *New Jersey Southern Railroad Co., 29 N. J. Eq. (2 Stew.) 311; Dunn* v. *Hastings, 54 N. J. Eq. (9 Dick.) 503.*

The present case, if the complainant's contention is to prevail, would require the defendant to perform a contract not

made by him, and to give the complainant a lien on goods not expressly contracted for. The original mortgagor only agreed to furnish a lien on goods acquired by him, not on those purchased by another, and neither the present claimant nor the company he represents made any agreement with the mortgagor. The equity of redemption alone was purchased, and no obligation to pay the existing debt or to carry out the covenants in the mortgage was assumed.

I am of opinion that the purchase of personal property subject to a chattel mortgage does not carry with it the liability to recognize the agreements of the mortgagor to subject his after-acquired property to the lien of the mortgage, unless the purchaser shall affirmatively assume the covenants contained in the mortgage or the debt it was given to secure.

In *Kribbs* v. *Alford,* *120 N. Y.* *519, 525,* the purchaser of chattels was charged with notice, because of its record, of a mortgage encumbering them and "all structures, fixtures, equipments and appurtenances now on said lease, or hereafter to be placed thereon." The purchaser did not assume to pay the mortgage or to carry out its provisions. In determining that after-acquired property, purchased and brought on the leased premises by the assignees of the mortgagor, was not subject to the lien of the mortgage, the court said: "But it did not, in addition, burden them with the obligation to make good the personal covenants given by the lessee to third parties as security for an indebtedness. Because they had constructive notice of the existence of the mortgage, the lien of the plaintiff can be enforced and the defendants deprived of the machinery on the premises at the time of the purchase by them of the lease. But the lien provided for by the instrument could, in any event, only extend to property thereafter acquired by the mortgagor. It could not attach to chattels to which the mortgagor has not acquired either title or possession. Indeed, it does not by its terms purport to embrace any other after-acquired property than that placed thereon by the mortgagor." A different rule prevails where the purchaser assumes the payment of the mortgage and the obligation it was given to secure, as *In re Sentenne & Green*

*Company, 120 Fed. Rep. 436,* where the purchaser assumed all of the obligations of the assignor, and as in *Stoll* v. *Sibson,* *65 N. J. Eq. (20 Dick.) 552,* where the purchaser did not assume the payment of the mortgage, but entered into a collateral agreement with the mortgagee, by the terms of which the mortgagee agreed to accept the notes of the purchaser and to cancel the mortgage when the notes were paid. Here the court held that the mortgage thereafter became a mortgage to secure the payment of the purchaser's notes, and as to him it remained as it had theretofore been with respect to the other owners. One of the previous owners had purchased from the mortgagor, and from him the title passed through other owners to Sibson, and each purchaser, excepting the last, had assumed the obligations of his predecessors in title. But while Sibson, the last purchaser, had not expressly assumed the mortgage, he dealt directly with the mortgagee, and in effect assumed the payment of the mortgage debt, giving his own obligations therefor, and permitted the mortgage to stand as a security for his debt. Such conduct amounted to an assumption and a recognition of the terms of the mortgage security as an indemnity to the mortgagee for the extension of payment to the purchaser.

I will advise a decree in favor of the complainant as to the property embraced in the mortgage in express terms, and also as to such of the property as was acquired by the original mortgagor after the execution of the mortgage, and in favor of the receiver as to property acquired by the defendant company after its purchase. If counsel cannot agree about the partition of the chattels to meet the views expressed, a reference to a master to ascertain and report thereon will be made. Costs on the answer will not be allowed to either party.