#### LIDDELL CO. v. CORK *ET AL.*

#### (113 S. E. 327)

1. FIXTURES—AS BETWEEN VENDOR AND PURCHASER, SAWMILL AND COTTON GINNING MACHINERY INSTALLED ON LAND HELD FIXTURES.— Where the owner of land purchased a sawmill and cotton ginning outfit and installed them in a house upon his land in the usual manner and used and operated them for plantation purposes, as between him as owner of the land and his grantees the articles of machinery were fixtures and part of the realty.

2. FIXTURES—TITLE TO MACHINERY RETAINED BY SELLER TILL PAID FOR PERSONALTY AS BETWEEN SELLER AND BUYER.—Where a sawmill and cotton ginning machinery were sold on conditional sale, the title to remain in the seller until paid for, although placed on the buyer's land, installed in the usual manner, and used and operated for plantation purposes, by the agreement for retention of the title, the machinery remained personalty.

3. FIXTURES—WHERE CONTRACT FOR CONDITIONAL SALE OF MACHINERY RECORDED, VENDEE OF REALTY CHARGED WITH NOTICE.—In view of Civ. Code 1912, § 3542, as amended by Act Feb. 28, 1914 (28 Stat. at Large, p. 482), providing for the registration of documents relating to real and personal property, and Section 3550, providing that the Clerk of Court shall keep a file book for liens, contracts,

31 S. C.—120.

etc., relating to real and personal property, and such filing shall be notice, etc., where a saw mill and cotton ginning outfit were sold and title retained by the seller and the contract recorded as required by Section 3740, the purchasers of the realty on which the machinery was installed were charged with constructive notice of the conditional sale.

4. EVIDENCE—COMMON KNOWLEDGE THAT SAWMILLS AND COTTON GINNING MACHINERY ARE SOLD ON CONTRACTS RETAINING TITLE IN SELLER.—It is a matter of common knowledge that sawmills, ginning outfits and similar machinery, are frequently sold on time and under agreement reserving title in seller until paid for.

Before PEURIFOY, J., Darlington, December, 1921. Reversed.

Action by Liddell Company against T. C. Cork et al. From judgment of the Circuit Court in favor of defendants, reversing report of the Master, the plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *What are fixtures is largely a matter of presumed intention of the parties:* Burdick Real Prop., 26; 11 R. C. L., 1062, 1085; 95 S. C., 229; 100 S. C., 27; 33 S. C., 344; 51 S. C., 30; 14 S. C., 365; 13 A. & E. Enc. L. (2nd Ed.) 597; 142 U. S., 416; 28 Vt., 428; 163 Mass., 333; 158 Mass., 552; 183 Mass., 49; 143 Mass., 108. *Agreement fixing character is valid:* 1 Tiff. Real Prop. (2nd Ed.), 920; Sec. 271; 59 L. R. A., 280; 96 Me., 530; 14 S. C., 365; Bronson Fixtures, Sec. 28, p. 133; 1 Minor Law Real Prop., 32, Sec. 27. *Chattel mortgage is clear evidence of intention to treat property as personalty:* 13 A. & E. Enc. L. (2nd Ed.), 625; 11 R. C. L., 1064, Sec. 8; 56 L. R. A., 557; 233 U. S., 717; 49 L. R. A. (N. S.), 403; 1 B. R. C., 691; 29 S. C., 453; 51 S. C., 29; 269 Fed., 758; L. Tiff. Real Prop. (2nd Ed.), 921, Sec. 271; 142 U. S., 415; 118 U. S., 667. *Intention of owner is subordinate to prior intention shown in chattel mortgage:* 13 N. E., 830; 53 N. Y., 377; 14 Barb., 662; 63 S. E., 1071. *Chattel mortgage properly recorded, should be notice to purchaser of realty:*

1 Tiff. Real Prop. (2nd Ed.), 922, Sec. 271; 24 So., 857; 5 9 L. R. A., 279; 110 Ala., 242. *Conditional sale agreement not required to be recorded in some jurisdictions:* 12 Me., 162; 32 N. W., 824; 1 B. R. C., 664; 7 B. R. C., 207; 49 L. R. A. (N. S.), 396; 262 Fed., 754; 262 Fed., 756; 1 N. E., 750; 40 Mich., 693; 1 Ohio St., 511; 13 N. E., 493; 205 U. S., 340; 232 U. S., 637; 233 U. S., 712; 166 Pac., 37. *Recording is notice to vendee of real estate:* 13 N. E., 832; 164 Pac., 775; 24 N. E., 811; 96 Am. Dec., 129; 62 Hun., 586; 63 S. E., 1071.

*Messrs. T. C. Cork* and *L. M. Lawson,* for respondents, cite: *Fixtures:* 173 Pac., 859; 51 S. C., 1; 1 Bail., 540; 3 Hill, 331. *Cotton gin is fixture and passes with land:* 40 Am. Dec., 658; 20 Wend., 636; 11 R. C. L., 1087. *Agreement is binding only on parties to chattel mortgage:* 11 R. C. L., 1165.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

During the months of August and October, 1917, the plaintiff, Liddell Company, sold to A. T. Baird, Jr., the owner of a plantation of land in Darlington County, certain machinery, consisting of engines, boilers, sawmill, and a cotton ginning outfit. Baird paid a portion of the purchase price in cash and gave his notes for the balance, no part of which balance was ever paid. Each of the notes contained this provision:

"That the title in and to said property shall remain in said Liddell Company until this note with all others for the purchase money of said property is paid, and the said Liddell Company, * * * if said sum is not paid at maturity, may * * * take possession of said property wherever found, as theirs," etc.

The notes were duly recorded in the chattel mortgage book in the office of the Clerk of Court of Darlington County within ten days after the execution thereof and before the machinery was installed. The machinery was purchased by Baird for domestic use on his own farm, was installed in buildings on his own land in the usual manner, and was used and operated for his own farm purposes. On September 6, 1919, the real estate upon which this machinery had been placed and erected was sold at public auction on the premises to the defendants, T. C. Cork and J. S. McInnes, to whom a deed of conveyance therefor was executed and delivered in March, 1920, which deed was thereafter duly recorded on April 3, 1920. It is admitted that the defendants, Cork and McInnes, had no actual notice of the lien claimed by the plaintiff on the machinery at the time of the purchase by them of the premises on which it was situated, or at the time of the execution and recording of their deed; that they paid a portion of the purchase price of the land in cash and gave a mortgage on the land to secure payment of the balance, which mortgage debt, amounting to some $13,000.00, was transferred for value by Baird to A. L. Flowers about two days after the execution of the mortgage; and that the value of the machinery in controversy is $2,500.00.

In July, 1921, the plaintiff, Liddell Company, commenced this action against A. T. Baird, Jr., T. C. Cork and J. S. McInnes, seeking to recover judgment against Baird for the balance due on the notes and to recover possession of the machinery in the hands of Cork and McInnes, who claimed the machinery as fixtures constituting a part of the real estate of which they were purchasers for value without notice  The case was heard upon an agreed statement of facts by the Master, Hon. Robert Mcfarlan, who found that the plaintiff was entitled to judgment against Baird for the balance due on the notes and to the immedi-

ate possession of the machinery, or to judgment for its value and for damages on account of its detention. On appeal by the defendants, Cork and McInnes, Hon. J. E. Peurifoy, Circuit Judge, reversed the report of the Master in so far as it affected the said defendants, and adjudged that Cork and McInnes were the "owners of the machinery in question, free and clear of any lien or claim of the plaintiff whatsoever." From this decree the plaintiff has appealed upon exceptions which raise substantially the one question of whether the Circuit Judge erred in so holding.

1, 2    Placed in houses upon the land, installed in the usual manner, and used and operated for plantation purposes, as between Baird, the owner of the land, and his grantees, Cork and McInnes, the articles of machinery were clearly fixtures, and consequently realty. Had Baird, after selling his improved farm to purchasers who attended his auction sale upon the premises, attempted to dismantle his gin house and sawmill and remove this machinery, annexed in the usual manner to the freehold, we apprehend that no Court would have hesitated to enjoin him. *Fairis v. Walker,* 1 Bailey, 540; *McKenna v. Hammond,* 3 Hill, 331; 30 Am. Dec., 366; *Hughes v. Shingle Co.,* 51 S. C., 1; 28 S. E., 2; *Richardson v. Borden,* 42 Miss., 71; 2 Am. Rep., 595; *Degraffenreid v. Scruggs,* 4 Humph. (Tenn.), 451; 40 Am. Dec., 658; *Fulp & Linville v. Kernersville L. & P. Co.,* 157 N. C., 157; 72 S. E., 867. It is equally clear that as between Baird and the plaintiff, Liddell Company, by virtue of the agreement between the parties and the retention of the title, the machinery remained personalty. 26 C. J., 676–680; *Dominick v. Farr,* 22 S. C., 585. And see, generally, *Evans v. McLucas,* 15 S. C., 67; *Sullivan v. Jones,* 14 S. C., 362; *Reid v. Kirk,* 12 Rich., 54; *Padgett v. Cleveland,* 33 S. C., 339; 11 S. E., 1069; *Saye v. Hill,* 100 S. C., 21; 84 S. E., 307. The serious question is as to the effect of the conditional sale agreement upon the rights of the defendants, Cork and McInnes,

who subsequently purchased the machinery for value as a part and parcel of the Baird real estate.

By the great weight of authority, a subsequent purchaser of the land without notice of such an agreement is not affected thereby. 26 C. J., 681, § 47; Ewell on Fixtures (2nd Ed.), p. 485; note 49 L. R. A. (N. S.), 396, collating decisions. The view that a conditional seller of property which has become a fixture should not be permitted to assert his claim thereto against an innocent purchaser of the realty" would seem to be soundly grounded upon the principle that, where one of two innocent persons must suffer, that one should bear the loss whose conduct placed it in the power of a third party to impose upon or deceive another. *Union Bank v. Fred W. Wolf Co.*, 114 Tenn., 255; 86 S. W., 310; 108 Am. St. Rep., 903; 4 Ann. Cas., 1070. That principle is peculiarly applicable where the seller of the property agrees, or where the nature of the property is such that he is presumed to know, that the articles sold are to become fixtures and to all outward appearances a part of the real estate of the buyer. *Knowlton v. Johnson,* 37 Mich., 47; *Allis-Chalmers Co. v. Atlantic* 164 Iowa, 8; 144 N. W., 346; 52 L. R. A. (N. S:), 561; Ann. Cas. 1916D, 910; 26 C. J., 681, § 47, and cases cited. On the other hand, where the grantee of the realty takes with notice of the agreement for the retention of the title in the seller of the fixtures, "the authorities are in unison to the effect that such an agreement will prevail as against a subsequent purchaser" of the realty who has notice, actual or constructive, of the agreement. 26 C. J., p. 681, § 46, and cases cited; note 49 L. R. A. (N. S.), p. 399, collating authorities. Obviously, therefore, the appeal in the case at bar turns upon whether the registry or recording of the Liddell-Baird agreement in the chattel mortgage book in the office of the Clerk of the Court of Darlington County

was constructive notice to the defendants, Cork and Mc-Innes, of the rights of the plaintiff, Liddell Company.

The point seems to be one of novel impression in this State, and presents a question upon which the authorities in other jurisdictions appear to be nearly evenly divided. The view of Judge Peurifoy that the recording of the conditional sale agreement as a chattel mortgage was not constructive notice to the purchasers of the real estate is perhaps supported by somewhat the greater weight of authority. 26 C. J., 683, § 48, and Ewell on Fixtures (2nd Ed.), p. 486, citing cases from California, New Hampshire, Ohio, Texas, Michigan, and Ontario, Dr. Ewell says (page 486, supra) :

"And according to the better opinion, the record or filing of a chattel mortgage being constructive notice only of an incumbrance upon goods and chattels is not sufficient to deprive such purchase or mortgage of the real estate of its bona fide character."

The reasoning in support of that view is based upon the theory that, where the statute requires chattel mortgages to be separately recorded and indexed, the purchaser of real estate is not bound to examine the records of chattel mortgages, and that to require such examination would work a serious hardship upon intending purchasers or mortgagees of real estate and practically nullify the recording statutes. Judge Dillon, in *Brennan v. Whittaker,* 15 Ohio St., 446. On the other hand, the view that the recording of a chattel mortgage or contract of conditional sale is sufficient to charge intending purchasers or incumbrancers of the realty with notice has the support of many Courts of high standing. *Sword v. Low,* 122 Ill., 487; 13 N. E., 826; *Eaves v. Estes,* 10 Kan., 314; 15 Am. Rep., 345; *Keeler v. Keeler,* 31 N. J. Eq., 181; *Ford v. Cobb,* 20 N. Y., 344; *Kribbs v. Alford,* 120 N. Y., 519; 24 N. E., 811; *Monarch Laundry v. Westbrook,* 109 Va., 382; 63 S. E.,

1070; *Sowden v. Craig,* 26 Iowa, 156; 96 Am. Dec., 129 *Empire Cotton Oil Co. v. Continental Gin·Co.* (Ga.), 21 Ga. App., 16; 93 S. E., 525 (dictum); *Boeringa v. Perry,* 96 Wash., 57; 164 Pac., 775. Where the property involved, as in the case at bar, is susceptible of retaining the character of personalty, and does not necessarily become merged with the realty by incorporation therewith, or, in other words, where the property is such that it may be removed without material injury to the realty or to itself, careful consideration has led us to the conclusion that the latter view is the more soundly grounded in reason and equity. That the machinery here was susceptible of retaining the character of personalty and could have been severed and disposed of by the purchaser, Baird, as personal property after installation on his farm, we think, is not open to doubt. It was personalty when the plaintiff, in strict compliance with the provisions of the statute (Section 3740, Civil Code of 1912), by agreement "reduced to writing and recorded in the manner" provided for the recording of mortgages, reserved to itself the title therein. Granting that the record of an instrument is notice only to those who are bound to search for it (23 R. C. L., p. 211), it does not follow that the purchaser of real estate fixtures—property which was once personalty and which may again become personalty by severance—is under no obligation to examine the public records for incumbrances which the owner of the fixtures may have placed thereon before annexation to the real estate.

It is a matter of common knowledge that sawmills, ginning outfits, and similar machinery, are frequently, if not generally, sold on time and under agreements reserving title in the seller until paid for. The presence of such fixtures in quantity should put a prospective purchaser of the land upon inquiry as to their history. Instruments covering property of that character, even if separ-

ately recorded pursuant to the express provisions of the statute in the chattel mortgage book, cannot be said to be instruments which are not in the line of the title of the real estate to which such property may be annexed as fixtures. Our Statute, Section 3542 of the Civil Code of 1912, as amended by Act of 1914, 28 Stat., 482, provides for the registration of documents relating to real and personal property in the same section. Section 3550, Civil Code of 1912, provides that it shall be the duty of the Clerk of Court to keep a file book in which he shall "file all * * * liens, contracts and papers relating to real and personal property, by entering therein" the names of the parties, nature of the instrument, etc., "and such filing shall be notice to all persons, sufficient to put them upon inquiry of the purport of the instrument so filed and the property affected thereby." In the light of these provisions of our statute law, the language of the Virginia Court in the case of *Monarch Laundry Co. v. Westbrook, supra,* in passing upon a substantially identical question, is apposite:

"This whole chapter of the Code treats the matter of the recordation of documents as to realty and personalty in one category and provides for their recordation, and in the light of the entire chapter there is no room for doubt that it was intended by the Legislature that the docketing or recordation of a contract of sale of personal property, reserving title thereto until the purchase money is fully paid, as provided by Section 2462 of the Code should constitute notice to third parties."

The suggestion that, as a matter of sound practical policy, a purchaser of real estate should not be bound at his peril to examine the chattel mortgage records in such a case, is thus met by the Illinois Court, in *Sword v. Low, supra:*

"We can see no hardship in holding that as to articles which necessarily retain their individual characteristics after being annexed to the soil, and which may or may not be

fixtures, and which it is apparent may be removed without material injury to the freehold, the purchaser or incumbrancer of the realty will be required to take notice of what is apparent upon the public record."

To hold otherwise would, we think, tend to defeat the purpose and policy of our statute (Section 3740), one of the objects of which would seem to be to afford dealers a simple method of retaining a lien upon property of the kind here involved, and thereby to establish means of credit needed to facilitate the development of industries upon which the material prosperity of the State depends. We are therefore constrained to hold that the record of the conditional sale agreement charged the defendants with constructive notice, and that the equities of the plaintiff-appellant in the case at bar are entitled to prevail.

For the reasons indicated, the decree of the Circuit Court is reversed, and the report of the Master affirmed.

Reversed.