ROBERT GRANT, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— Judgment and order denying motion to set aside verdict affirmed, with costs. Even though the alleged assault was committed by an employee of the defendant, the plaintiff's testimony shows without dispute that the effort to collect premiums was at an end, and that nothing was done in the commission of the act complained of that was in furtherance of the master's business. Lazansky, P. J., Kapper and Davis, JJ., concur; Carswell, J., dissents and votes for reversal and a new trial on the ground of errors in the charge and in refusals to charge; Tompkins, J., dissents and votes for reversal and a new trial with the following memorandum: The assault and battery by Spinner was not denied; he was not a witness on the trial. I think the necessary inference from the undisputed facts is that Spinner, at the time of the assault, was engaged in his employer's business, namely, in an attempt to collect insurance premiums, and that he thought his acts were in furtherance of the defendant's business. I think the court erred in refusing to charge the defendant's requests at folios 444, 445, 446, 447 and 448. (See *Rounds* v. *Del., Lack. & West. R. R. Co.*, 64 N. Y. 129.) At folios 426 and 427 the trial judge clearly indicated his doubt of the truthfulness of the plaintiff's testimony regarding the assault, although that testimony was not contradicted by Spinner or any one. In my opinion, the verdict is against the weight of evidence and contrary to law.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant, v. HARRY NEWMAN and Others, Respondents.— Judgment unanimously affirmed, with costs. As against judgment creditors of the mortgagor, we are of opinion that the clause in the mortgage purporting to mortgage " furniture, fixtures and other necessary equipment for the operation of the building  *  *  *  belonging to the mortgagor at any time in,  *  *  *  or used in such operations," is unavailable to constitute a lien which would affect the rights of such judgment creditors. (See *Kribbs* v. *Alford*, 120 N. Y. 519, 524; *R. D. Co.* v. *Rasey*, 142 id. 570, 575, 577; *Zartman* v. *First Nat. Bank*, 189 id. 267, 271; *Titusville Iron Co.* v. *City of New York*, 207 id. 203; *Diana Paper Co.* v. *Wheeler-Green Electric Co.*, 228 App. Div. 577, 578.) Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

HAVILAND BUILDING CORPORATION, Appellant, v. JOSEPH SCADRON and Others, Respondents.— Order on reargument denying plaintiff's motion for summary judgment affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

PAULINE HEPWORTH, an Infant under the Age of Fourteen Years, by JOHN HEPWORTH, Her Guardian ad Litem, and JOHN HEPWORTH, Respondents, v. LUDWIG-BAUMANN & COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.