TREUER v. HOLTZMAN.

1. CHATTEL MORTGAGES — ASSUMPTION OF DEBT BY MORTGAGOR'S TRANSFEREES—STATUTE OF FRAUDS.

While the promise of a purchaser of personal property subject to a chattel mortgage to pay or assume the debt must be clear, satisfactory and convincing, it need not be in writing under the statute of frauds, since it is not a promise to pay another's debt but a promise to pay his own debt by applying the amount due from him on the mortgage (3 Comp. Laws 1929, § 13417).

2. SAME—AFTER-ACQUIRED PERSONALTY—SUBJECTION TO MORTGAGE.

The purchase of personal property subject to a chattel mortgage does not carry with it the liability to recognize the agreements of the mortgagor to subject his after-acquired property to the mortgage lien unless the purchaser shall affirmatively assume the covenants contained in the mortgage or the debt it was given to secure.

3. SAME—FORECLOSURE—EQUITY.

In suit by assignee of bankrupt chattel mortgagee to foreclose mortgage and for deficiency against transferees of mortgagor, plaintiff *held*, to have lost all claim against mortgagor, now deceased, by failure to file claim against his estate, and defendants who were not clearly shown to have assumed the debt, although the mortgagee received payment for three-fourths of the principal sum, have done nothing which caused plaintiff to forbear from asserting some right that might otherwise have been enforced, hence, plaintiff is not entitled to equitable foreclosure.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 19, 1935. (Docket No. 80, Calendar No. 38,005.) Decided September 9, 1935.

Bill by Henry W. Meyer against Ben Holtzman and others for the foreclosure of a chattel mortgage,

a personal decree for deficiency, an accounting and other relief. Berenice Treuer substituted for party plaintiff. From decree dismissing bill of complaint, plaintiff appeals. Affirmed.

*Clement J. Waldmann,* for plaintiff.

*Daniel J. Alpert* (*John Sklar,* of counsel), for defendants.

EDWARD M. SHARPE, J.   Prior to December 15, 1924, plaintiff Henry Meyer was the owner of the Imlay Cleaners & Dyeing Company and on said date sold his business and equipment to Joseph Lovinger; and as part payment received promissory notes for $10,000 payable monthly at the rate of $100 and interest. Said notes were signed by Lovinger and secured by a chattel mortgage on the machinery, fixtures and equipment so sold. Lovinger on April 22, 1925, sold the machinery and equipment to Benjamin Holtzman and Sam Handler, who subsequently organized a corporation known as Imlay Cleaners & Dyers, a Michigan corporation. In July, 1925, they sold to said corporation the machinery and fixtures so purchased from Lovinger. The chattel mortgage executed by Lovinger was recorded January 7, 1925, renewed June 1, 1931, and again renewed February 18, 1933. Lovinger died July 14, 1925. His estate was probated and the administrator discharged May 11, 1926, without any claims being filed against his estate by any of the parties interested in this cause. Plaintiff Meyer received payment upon the note to the extent of $7,500, the last payment having been made March 25, 1931. The record also discloses that there is no written assumption of payment or liability by either of said defendants to plaintiff Meyer in connection with

the execution of the chattel mortgage or promissory notes. It further shows that since the Imlay Cleaners & Dyers have had possession of the machinery and equipment, the major portion has been junked, by reason of its becoming obsolete and of no further use, and has been replaced by modern equipment. During the trial of the cause, L. J. Wright, a witness produced by plaintiff, testified that, in a conversation with defendant Holtzman, Holtzman stated that, "we only owe $2,500, 25 notes of $100 each."

The record further shows that on November 22, 1934, the Supreme Court permitted the substitution of Berenice Treuer in place of H. W. Meyer as plaintiff, she having purchased said notes at a bankruptcy sale after plaintiff Meyer had been declared a bankrupt.

The trial court entered a decree dismissing plaintiff's bill of complaint from which decree plaintiff appeals. Plaintiff contends that the defendants Imlay Cleaners & Dyers and Ben Holtzman assumed and agreed to pay the mortgage, thus becoming liable for a deficiency, and that at any rate their conduct has been such that they are now estopped from denying such assumption, while the defendants contend that there being no assumption of the mortgage, they had a right to purchase new equipment to replace the outworn and useless equipment covered by the chattel mortgage without subjecting such new equipment to plaintiff's lien.

The facts in this case show that there was no express assumption of the mortgage debt by either Holtzman, Handler, or the Imlay Cleaners & Dyers. In such instances the general rule may be found in 11 C. J. p. 632, where it is stated:

"The purchaser's personal liability depends entirely on his express assumption of the mortgage debt; * * *. The alleged promise by the pur-

chaser to pay or assume the debt must be clear, satisfactory, and convincing. It need not be in writing under the statute of frauds,* because it is not a promise to pay another's debt, but a promise to pay his own debt by applying the amount due from him on the mortgage.''

This rule is followed in *Fidelity Trust Co.* v. *Staten Island Clay Co.,* 70 N. J. Eq. 550 (67 Atl. 1078), where the court said,

''The purchase of personal property subject to a chattel mortgage does not carry with it the liability to recognize the agreements of the mortgagor to subject his after-acquired property to the lien of the mortgage, unless the purchaser shall affirmatively assume the covenants contained in the mortgage or the debt it was given to secure.''

See, also, *Metropolitan Bank* v. *St. Louis Dispatch Co.,* 149 U. S. 436 (13 Sup. Ct. 944); *Kribbs* v. *Alford,* 120 N. Y. 519 (24 N. E. 811).

We have examined the following cases cited by plaintiff: *Crawford* v. *Edwards,* 33 Mich. 354; *People, ex rel. Farrington,* v. *Bristol,* 35 Mich. 28; *Kellogg* v. *Lovely,* 46 Mich. 131 (41 Am. Rep. 151). But in our opinion the issue involved in each of those cases does not determine the precise question here; nor do we think the doctrine of estoppel applies.

The original mortgagor, Joseph Lovinger, died in 1925 and no claim was made against his estate for a deficiency. Under this condition, plaintiff lost all claim against the original mortgagor. There is no claim that defendant unlawfully disposed of any of the mortgaged property. No acts have been committed by the defendants which caused the plaintiff to forbear from asserting some right that might

---

* See 3 Comp. Laws 1929, § 13417.—REPORTER.

otherwise have been enforced. We think the plaintiff has failed to establish any grounds for equitable foreclosure.

The decree of the lower court is affirmed; costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.