# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PRAXAIR, INCORPORATED,
           *Plaintiff-Appellant,*

v.

FRANK VEREEN, d/b/a Vereen
Fertilizer, individually,
           *Defendant & Third Party*
           *Plaintiff-Appellee,*

v.

BURNS PHILP FOOD, INCORPORATED,
           *Third Party Defendant.*

No. 01-2107

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CA-00-1061-23-4)

Argued: April 4, 2002

Decided: May 14, 2002

Before WIDENER, WILKINS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Thomas S. Tisdale, Jr., YOUNG, CLEMENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellant.

Michael Mark McAdams, THE THOMPSON LAW FIRM, P.A., Conway, South Carolina, for Appellee. **ON BRIEF:** Stephen L. Brown, YOUNG, CLEMENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Praxair, Incorporated appeals the entry of summary judgment in favor of Frank Vereen in Praxair's suit to recover property situated on land purchased by Vereen. We affirm.

### I.

Praxair is in the business of collecting, packaging, and selling carbon dioxide generated by other companies' manufacturing operations. In 1993, Praxair contracted with Burns Philp Food, Inc. ("BP Food") to collect carbon dioxide at a BP Food factory in Kingstree, South Carolina. In conjunction with this contract, Praxair leased a small parcel of land ("the Premises") from BP Food. The lease allowed Praxair to install equipment on the Premises and further provided:

> The parties hereto understand and agree that title to all buildings, equipment and other improvements installed, constructed or located by [Praxair] upon the Premises shall remain personal property regardless of the nature of fixation to the Premises. [Praxair] shall remove such buildings, equipment and other improvements that [Praxair] has installed, constructed or located upon the Premises within twelve (12) months after the termination or cancellation of this Lease or any extension thereof, and restore the Premises to ground level. In the event [Praxair] fails to remove its

buildings, equipment and improvements and restore the Premises within the twelve (12) month period, then [BP Food] shall have the right to do it at [Praxair's] expense.

J.A. 36. Pursuant to these agreements, Praxair erected a building on the Premises and installed equipment worth more than $1 million.

In late 1994 or early 1995, BP Food ceased operations at its Kingstree site. The 1993 agreement required BP Food to pay Praxair $200,000 as a result of this shutdown. Praxair demanded such payment on November 2, 1995.

It appears that BP Food neither met this demand nor resumed operations. In 1996, BP Food sold the Premises and other land to Vereen for $200,000. The contract between BP Food and Vereen allowed BP Food to remove "fixtures, machinery and equipment" from the land for two years following the sale; after two years, any equipment left on the site became Vereen's property. *Id.* at 185-86.

Praxair did not learn of the sale to Vereen for three years. In October 1999, Praxair employees visited the Premises to begin the process of moving the equipment there to another site, only to discover that Vereen now owned the site and claimed title to Praxair's equipment. When Vereen refused Praxair's demand for the property, Praxair filed this suit. The district court found that Vereen had acquired valid title to Praxair's equipment as a bona fide purchaser for value without notice of Praxair's interest. After the court denied Praxair's motion for reconsideration, Praxair appealed.

II.

On summary judgment, the district court determined that Vereen, in purchasing the Premises from BP Food, also acquired the equipment on the Premises as a bona fide purchaser for value (BFP). We review the entry of summary judgment de novo. *See Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 190 F.3d 252, 255 (4th Cir. 1999).

A.

Praxair initially contends that Vereen cannot be the lawful owner of the property located on the premises because even a BFP cannot

obtain title from a seller who does not have title to convey. We disagree.

The BFP doctrine applies in at least two different situations. One situation is when Owner has legal title to property, Lienholder has an equitable interest in the same property, and Buyer purchases the property from Owner in good faith and without notice of Lienholder's interest. In that event, the BFP doctrine will prevent Lienholder from asserting his interest against Buyer. *See* 77 Am. Jur. 2d *Vendor & Purchaser* §§ 425, 426 (1997). However, as noted by Praxair, Buyer can acquire title to the property (and thereby negate Lienholder's equitable interest) only if Owner actually has legal title to convey. *See id.* § 426.

A second scenario in which the BFP doctrine may apply also involves Owner and Buyer, but this time the third party is Possessor rather than Lienholder, and it is Possessor rather than Owner who conveys the property to Buyer. In this scenario, Owner will be estopped from reclaiming the property if (1) Buyer bought the property in good faith and without notice that Owner was the true titleholder and (2) Owner was negligent in allowing Buyer to gain the impression that Possessor had title to the property. *See Russell Willis, Inc. v. Page*, 48 S.E.2d 627, 632 (S.C. 1948).

This case fits the second scenario. Like Possessor, BP Food appeared to be the rightful owner of the property in question, since BP Food had title to the land on which the property was situated and the property appeared to be fixtures that would ordinarily be conveyed with the land. *See Liddell Co. v. Cork*, 113 S.E. 327, 328 (S.C. 1922). Moreover, it was foreseeable that this erroneous impression would arise. *See id.* at 329. Praxair did not attempt to dispel this impression by recording its lease (including the designation of fixtures on the Premises as personal property belonging to Praxair) pursuant to S.C. Code Ann. § 30-7-10 (Law. Co-op. Supp. 2001). Nor did Praxair maintain even the barest semblance of possession; indeed, no Praxair personnel visited the Premises for roughly five years. Because Praxair did not exercise reasonable care to dispel the impression that its equipment was real property affixed to the Premises, that equipment was subject to acquisition by a BFP.

B.

Although it does not dispute that its own inaction contributed to the unfortunate situation that exists today, Praxair contends that Vereen does not qualify as a BFP because he had notice that BP Food was not the lawful owner of the equipment on the Premises. Praxair relies on two circumstances to support its claim of notice, but neither will sustain Praxair's arguments.

Praxair initially relies on the provision of Vereen's contract with BP Food allowing BP Food to remove unspecified equipment for two years following the sale. According to Praxair, this undermines any claim by Vereen that he expected to acquire the equipment on the Premises. There is a difference, however, between Vereen's *expectations* and his *knowledge*—actual or constructive—regarding the ownership of the equipment in question. In other words, Vereen may have believed that he was not likely to acquire this equipment, but it does not follow that he knew or should have known that BP Food did not own that equipment.

Praxair further asserts that Vereen had a duty to investigate the substantial difference between the amount he paid for the land he bought from BP Food ($200,000) and the value of Praxair's equipment (over $1 million). There is no indication in the record, however, that Vereen knew or should have known the value of Praxair's equipment. Moreover, even if he had the requisite knowledge concerning value, he did not know that he would retain the equipment on the Premises; on the contrary, in light of the contractual provision cited by Praxair in its first argument, Vereen could reasonably have believed that he would acquire the land without the equipment.

III.

In sum, Vereen did not have actual or constructive notice of Praxair's title to the property on the Premises, and he therefore qualifies as a BFP. Moreover, because Praxair was not diligent in protecting its property, it is now estopped from recovering that property from Vereen. Accordingly, we affirm the decision of the district court.

*AFFIRMED*